IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA J. ROWE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 3:18-cv-250 |
| | ) Judge Stephanie L. Haines |
| PENNY J. ROBERTS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Cynthia Roberts, *pro se*, commenced this case by filing a civil complaint (ECF No. 1-1) on December 14, 2018, following the grant of a motion to proceed *in forma pauperis* (ECF No. 2). This matter was referred to United States Magistrate Judge Keith A. Pesto in accordance with the Federal Magistrates Act, 28 U.S.C. §636(b)(1), and Local Civil Rule 72.D.

Pending before the Court are Defendants William Carroll's, Jason Hunter's, Faye Cole's, and Penny Roberts' Motions to Dismiss (ECF Nos. 24, 25, and 27). These motions seek to have the complaint dismissed in its entirety based on a number of theories, including, *inter alia*, dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). On November 30, 2020, Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 34) recommending that the motions be granted based on lack of subject matter jurisdiction, but finding that the complaint should be dismissed without prejudice to refile the action in state court. In analyzing Plaintiff's complaint and various filings and ECF Nos. 5, 7, 8, 31, 32, and 33, Magistrate Judge Pesto determined that Plaintiff's claims essentially are that, after the death of Harold Rowe, Plaintiff's husband, on December 24, 2014, his sister, Defendant Roberts, caused the death certificate to list that Harold Rowe was divorced, when Harold Rowe and Plaintiff were only

separated. Pursuant to Plaintiff's claims, Defendant Roberts then disposed of Harold Rowe's property contrary to his wishes and deprived Plaintiff of personal property that she believes she is entitled to possess (hereafter "disputed property"). Defendant Carroll was named in the complaint by virtue of his role as the attorney for Defendant Roberts, and Plaintiff alleges Defendant Carroll has knowledge of the disposition of the disputed property. Plaintiff claims Defendant Cole is Defendant Roberts' sister and that Defendant Cole also has knowledge of Defendant Roberts' wrongdoing. Lastly, Defendant Hunter is alleged to be a law enforcement officer that interviewed Defendant Roberts and concluded Plaintiff's allegations of fraud did not result in any criminal conduct. In his Report and Recommendation, Magistrate Judge Pesto discusses the merits of these state law claims,[1] but ultimately concludes that Plaintiff has failed to overcome the $75,000 amount in controversy requirement to establish subject matter jurisdiction in federal court. The parties were given notice that they had fourteen days to file written objections to the Report and Recommendation (ECF No. 34).

On December 14, 2020, Plaintiff filed objections to the Report and Recommendation, as well as "Additional Objections" attaching several exhibits (ECF Nos. 35 and 36). These filings attempt to bolster the claims in the complaint with additional factual allegations concerning Plaintiff's deceased husband and the disputed property. Plaintiff also now claims that she seeks $75,000 from Defendant Roberts in damages relating to claims of emotional distress stemming from the events surrounding her husband's death and the distribution of his possessions.

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed

---

[1] Assuming, *arguendo*, Plaintiff's claims against Defendant Hunter are somehow intended to fall under 42 U.S.C. §1983, the Court finds that Plaintiff has in no way stated a federal question claim against Defendant Hunter. Further, Plaintiff's objections (ECF Nos. 35 and 36) do not undermine Magistrate Judge Pesto's finding that Plaintiff has failed to plead any claim against Defendant Hunter.

findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. Upon *de novo* review of all documents of record and the Report and Recommendation (ECF No. 34), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto in this matter.

Plaintiff's objections at ECF Nos. 35 and 36 simply do not state any additional factual allegations to overcome the threshold issue of subject matter jurisdiction. Although the law does not command mathematical precision from evidence in finding damages, sufficient facts must be introduced so that the court can arrive at an intelligent estimate without conjecture. *Rochez Bros., Inc. v. Rhoades*, 527 F.2d 891, 895 (3rd Cir. 1975). Magistrate Judge Pesto correctly finds that Plaintiff fails to plead the value of the disputed property, let alone sufficient facts that support Plaintiff's conclusory claim for $75,000 against the Defendants.

Moreover, Plaintiff's damages claims for emotional distress, without further substantiation, do not establish diversity jurisdiction. In determining whether the claim in fact exceeds $75,000, exclusive of interests and costs, the court must assess "the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). The Court cannot find, based on the record before it, that the amount in controversy exceeds the $75,000 threshold required by 28 U.S.C. § 1332. *See Schober v. Schober*, No. 17-1511, 2018 U.S. Dist. LEXIS 97367, at *11 (W.D. Pa. June 11, 2018) (internal citations omitted). "[E]stimations of the amounts recoverable must be realistic." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 403 (3d Cir. 2004). When determining whether a complaint premised on diversity jurisdiction meets the amount in controversy, "[t]he inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will

be frustrated." *Id.* "The authority which the [diversity] statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment." *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936).

The Court finds that Plaintiff's objections (ECF Nos. 35 and 36) do not undermine the recommendation of Magistrate Judge Pesto (ECF No. 34), and Plaintiff's objections to the Report and Recommendation (ECF Nos. 35 and 36) are overruled.

Accordingly, the following order is entered:

## ORDER OF COURT

AND NOW, this 3rd day of February, 2021, IT IS ORDERED that Plaintiff's objections (ECF Nos. 35 and 36) to the Magistrate Judge's Report and Recommendation (ECF No. 34), hereby are **overruled**; and Magistrate Judge Pesto's Report and Recommendation (ECF No. 34) is adopted as the opinion of the Court. IT IS FURTHER ORDERED that the Defendants' motions to dismiss (ECF Nos. 24, 25, and 27) are GRANTED to the extent that the complaint (ECF No. 1-1) is DISMISSED for lack of subject matter jurisdiction but without prejudice to being refiled in the appropriate state court; in all other respects said motions are DENIED. IT IS FURTHER ORDERED that the Clerk of Court mark this case "CLOSED."

*Stephanie L. Haines*
Stephanie L. Haines
United States District Judge